IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RACHEL PETE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-0476-CV-W-ODS |
| | ) | |
| WALGREEN CO., SCOTT GROVES | ) | |
| and CAROL MIER, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS
IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTIONS IN LIMINE</u>

Pending are Defendants' Motions in Limine (Doc. #45), and Plaintiff's Motions in Limine (Doc. #43). Parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

**Defendants' Motions in Limine**

**A. "David and Goliath" References**

Defendants seek to exclude comments or reference to "the individual Defendants' wealth, Plaintiff's own wealth, or comparing the wealth or size of Walgreens to that of Plaintiff, including any comments or references that characterize this case as one involving an individual against a large corporation." Plaintiff does not intend to offer such "David and Goliath" evidence or argument, but argues Defendants' motion is vague and overly broad in that it may prevent discussion of the nature of trial exhibits, demonstrative exhibits, and other evidence. The Court grants the motion. The parties

shall not engage in "David and Goliath" commentary, but the Court notes nothing prevents the parties from discussing the nature of exhibits and other evidence in the record.

## B. Probable Testimony of Absent Witnesses

Defendants seek to exclude speculation by Plaintiff as to the probable testimony of witnesses who do not testify. Plaintiff does not oppose this motion. Accordingly, the Court grants the motion.

## C. Discovery Objections or the Court's Ruling on Motions in Limine

Defendants seek to exclude argument or reference to objections to written discovery or deposition questions. Plaintiff generally agrees these objections are not appropriate. However, Plaintiff wishes to reference documents Defendants maintain existed at one time, but did not produce in discovery. Plaintiff specifically identifies an email Defendant Mier may have sent, but was not produced during discovery in this matter. The Court grants the motion. The parties may not reference objections to written discovery or deposition questions. However, testimony regarding the processing of Plaintiff's complaints is relevant and will be permitted.

## D. Plaintiff's or Plaintiff's Co-Workers' Opinions of Defendants' Decisions

Defendants seek to exclude testimony by Plaintiff or her co-workers regarding whether they agreed with Defendants' handling of Plaintiff's complaints, the actions taken as a result of Plaintiff's complaints, Plaintiff's Performance Improvement Plan ("PIP"), or Plaintiff's discharge. Defendants argue such testimony is improper under the business judgment rule, which allows employers to exercise their business judgment in making employment decisions. In response, Plaintiff indicates she does not intend to solicit opinions regarding applicable law. However, Plaintiff opposes the motion on the basis that testimony regarding whether Defendants followed company policies, and whether Defendants fairly applied the company's disciplinary policies is relevant and admissible.

2

The Court grants in part and denies in part the motion.  Plaintiff and her co-workers may not give subjective opinions as to whether Plaintiff was mistreated or treated differently.  Plaintiff and her co-workers may testify as to their understanding of company policies and observations about how the policies were implemented by supervisors.

### E.  "Harasser," "Retaliator," or Other Such Labels

Defendants seek to exclude testimony that labels another person as a "harasser," "retaliator," or other related label.  Plaintiff does not oppose the motion.  Accordingly, the Court grants the motion.

### F.  Evidence Beyond "Garden-variety" Emotional Distress

Defendants seek to exclude evidence of "garden-variety" emotional distress beyond that alleged by Plaintiff's Petition.  Plaintiff does not oppose the motion.  Accordingly, the Court grants the motion.

### G.  Plaintiff's September 2014 PIP was Retaliatory

Defendant argues Plaintiff will try to present evidence showing the September 2014 PIP was retaliatory.  Doing so, Defendants argue, would improperly circumvent Plaintiff's charges of discrimination and her Petition.  Plaintiff argues retaliation was within the scope of her initial charge of discrimination, and therefore, should be admissible as evidence of retaliation.

Plaintiff's September 2014 charge of discrimination states Plaintiff felt she was "targeted" and "received unwarranted disciplinary action, which other managers have not received" by Defendant Groves, and was "more susceptible to disciplinary action" after "submitting [Plaintiff's] complaints regarding [Defendant Groves] to my district manager."  Doc. #49-1.  Plaintiff's Petition alleges Plaintiff suffered retaliation for her complaints.  Doc. #1-1.  Plaintiff's initial charge of discrimination and Petition encompass a claim of retaliation based upon Plaintiff's September 2014 PIP.  Accordingly, the motion is denied.

## H. "Me Too" Evidence

Defendants argue Plaintiff will try to introduce testimony about complaints made by employees other than Plaintiff. Defendants argue this testimony would be unduly prejudicial and create confusion regarding whether Plaintiff suffered unlawful retaliation. Plaintiff argues this testimony is proper because whether other employees were "similarly situated" is a factual question for the jury, and is probative of how Defendant Groves dealt with subordinate employees.

The Court denies the motion. Plaintiff identifies one witness who may present testimony regarding complaints the witness made against Defendant Groves. The Court will hear limited testimony from this witness, and others Plaintiff may wish to offer, to determine whether the witness is similarly situated to Plaintiff before allowing the admission of "me too" evidence.

## I. Defendant Mier's November 2015 Record of Discussion

Defendants seek to exclude evidence of Defendant Mier's November 2015 Record of Discussion. Plaintiff does not intend to offer evidence of this sort unless such evidence becomes relevant. Accordingly, the Court grants the motion.

## J. Joey Jaramillo's Complaints and Litigation Involving Other Employers

Defendants seek to exclude evidence of past complaints involving Joey Jaramillo's conduct as an employee with the Shawnee County Department of Corrections and Roeland Park Police Department. Plaintiff does not oppose the motion. Accordingly, the Court grants the motion.

## K. Alleged Comment Regarding a Customer

Defendants seek to exclude evidence of a comment made by an unknown manager calling a customer a derogatory term. Plaintiff does not oppose the motion. Accordingly, the Court grants the motion.

4

## Plaintiff's Motions in Limine

### A. Defendant Mier's Investigation Conclusion

Defendant Mier conducted an investigation into Plaintiff's August 2014 complaint, and concluded no further action was warranted. Plaintiff argues Mier's conclusion constitutes a conclusion of law that invades the province of the jury, and therefore, should be excluded from evidence. Defendants argue Mier's conclusion was not a legal conclusion, but rather a conclusion of fact regarding whether Defendants policies were followed and/or violated. Moreover, Defendants argue Plaintiff should be not permitted to present evidence regarding the complaint she made, yet preclude Defendants from showing their investigation and conclusion.

The Court agrees with Defendants, and denies the motion. Defendants will be permitted to present evidence and testimony regarding their response and conclusion following Plaintiff's complaint.

### B. Deb Miller's Investigation Conclusion

In his deposition, Loss Prevention Manager Joey Jaramillo refers to former District Manager Deb Miller's investigation of Plaintiff's March 2014 complaint and her conclusion that it had no factual basis. Similar to the motion to exclude Defendant Mier's conclusion regarding Plaintiff's complaint, Plaintiff argues Miller's conclusion is a legal one that invades the province of the jury, and should be excluded on that basis. In opposing this motion, Defendants make the same argument they did against Plaintiff's motion to exclude Mier's conclusion.

The Court denies the motion. Defendants will be permitted to present evidence and testimony regarding their response and conclusion following Plaintiff's complaint.

### C. Defendant Mier's Investigation Memorandum

Plaintiff seeks to exclude an investigation memorandum prepared by Defendant Mier following Plaintiff's complaints. Plaintiff argues the memorandum is hearsay not subject to an exception, and lacks trustworthiness because it was prepared by Mier in anticipation of litigation. Defendants argue the memorandum is admissible as a

business record, and is relevant to show Defendants' responses to Plaintiff's complaints.

The Court denies the motion. The memorandum is admissible and is relevant to show Defendants' responses to Plaintiff's complaints. *See Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997) (stating internal documents relied upon by the employer in making employment decisions are not hearsay and "are relevant and admissible because they help explain (or may help explain) the employer's conduct.").

### D. Plaintiff's Retention of Counsel

Plaintiff seeks to exclude evidence related to her retention of counsel. Defendants object because Plaintiff retained counsel prior to her discharge, which Defendants argue is evidence of her state of mind and motives. The Court grants the motion. Defendants may not present evidence of Plaintiff's retention of counsel.

### E. Dismissed Claims and Parties

Plaintiff seeks to exclude evidence of Plaintiff's gender discrimination and harassment claims, on which the Court granted summary judgment in Defendants' favor. Defendants argue it is important for the jury to understand Plaintiff's gender discrimination and harassment claims are fully resolved to prevent it from awarding damages for any alleged gender discrimination and harassment the jury may perceive.

The Court denies the motion. Plaintiff's gender discrimination and harassment claims are too closely related to the retaliation claim at issue to exclude all reference to them. The Court will permit reference and testimony about the underlying bases for Plaintiff's complaints. The Court will give a jury instruction making the jury aware of Plaintiff's gender discrimination and harassment claims, but directing the jury not to speculate about the outcome of those claims when rendering the verdict in this matter. Plaintiff will not be permitted to try the dismissed gender discrimination and harassment claims to the jury. Defendants may not represent to the jury that Plaintiff's gender discrimination and harassment claims were resolved in their favor.

6

## F. EEOC and MCHR Findings

Plaintiff seeks to exclude any evidence related to whether the Equal Employment Opportunity Commission ("EEOC") or Missouri Commission on Human Rights ("MCHR") found Defendants retaliated against Plaintiff. Defendants agree with the motion, subject to Plaintiff's agreement to exclude all evidence related to the charges of discrimination.

The Court grants the motion. The MCHR "right to sue" letter issued to Plaintiff is inadmissible. However, relevant documents submitted to the EEOC and MCHR may be admissible if there is no evidentiary basis for exclusion.

## G. Performance and Discipline at Prior and Subsequent Employers

Plaintiff seeks to exclude evidence of Plaintiff's past and subsequent employment. Defendant agrees this is not relevant, except to demonstrate mitigation efforts. The motion is granted in part and denied in part. Plaintiff's employment history prior to Walgreens is inadmissible. Plaintiff's subsequent employment history may be relevant as it relates to Plaintiff's mitigation efforts.

## H. Good Deeds by Defendants

Plaintiff seeks to exclude evidence and testimony regarding accomplishments by Defendants after Plaintiff was discharged, including, but not limited to, store improvement post-termination. Defendants want to present evidence regarding other employees' perceptions about working for Walgreens, how they felt they were treated, and managements' receptiveness and responsiveness to complaints. Defendants also want to present evidence showing the "terrible state" of the store immediately after Plaintiff's discharge, and "substantial efforts" of others to restore the store to acceptable standards.

The Court grants the motion. Evidence showing the condition of Plaintiff's store prior to her discharge will be permitted as relevant to Defendants' stated reason(s) for discharging Plaintiff. However, evidence of the store's condition following Plaintiff's discharge, and any efforts by Defendants' employees to restore the store to an acceptable standard is not relevant to Plaintiff's retaliation claim.

### I.  Juror Self-Interest as Taxpayers

Plaintiff seeks to exclude evidence or testimony about a burden a verdict may impose on taxpayers.  Defendants do not oppose the motion.  Accordingly, the Court grants the motion.

### J.  Personality Conflicts and Job Performance

Plaintiff seeks to exclude evidence regarding any "personality conflicts" Plaintiff may have had with co-workers, or job performance issues that did not have a role in Defendants' decision to discharge her.  Defendants argue both are relevant, and are essential to explaining Defendants' reasons for discharging Plaintiff.

The Court denies the motion.  Plaintiff's PIP was initiated, in part, due to poor "management/accountability of her staff."  Doc. #36-19.  According to Defendants, Plaintiff had a "lack of proper planning and communication with her staff."  *Id.*  A goal of the PIP was to "improve [Plaintiff's] people leadership and operations/business leadership skills."  *Id.*  Defendants may present evidence and testimony regarding Plaintiff's leadership skills, and the extent to which her relationships with co-workers factored into the decision to discharge her.

### K.  Witness Comments on Merits of Suit

Plaintiff seeks to exclude witnesses' opinions about the merits of Plaintiff's suit. Defendants object, arguing this might prevent witnesses from commenting on their perception of events that occurred.

The Court grants the motion.  A lay witness may not give an opinion on the merits of Plaintiff's suit.  However, a lay witness may testify as to his or her perception of events.

### L.  Comments about Case Value

Plaintiff seeks to exclude testimony or commentary comparing Plaintiff's suit to a lottery, "rolling the dice," or other description characterizing the case as about money and nothing else.  Defendants agree to avoid "windfall comments."

8

The Court grants the motion.  In doing so, the Court notes Defendants are not precluded from discussing money as it relates to the remedy sought by Plaintiff in this matter.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  March 27, 2017                    UNITED STATES DISTRICT COURT